UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SANTANA K. SMITH,

        Plaintiff,

v.

UNKNOWN STALLMAN et al.,

        Defendants.

_____/

Case No. 2:19-cv-215

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

    **I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues URF healthcare providers Dr.

Unknown Stallman, Physician's Assistant Unknown Buchanan, Nurse Practitioner Susan Wilson, Dietician Unknown, and Dr. Keith Papendick.

Plaintiff alleges that he has hemorrhoids. Plaintiff was examined by Dr. Stallman on April 30, 2019. Stallman concluded that Plaintiff's hemorrhoids should be treated with surgery. He also recommended that Plaintiff take powdered fiber.

Dr. Stallman apparently sought authorization for the surgery. Defendant Dr. Papendick denied the request, concluding that surgery was not medically necessary. He recommended a more conservative course of treatment: a hot water bottle, Preparation H, and medicated cooling pads.

Plaintiff saw Defendants Buchanan and Wilson after he saw Defendant Stallman. Buchanan indicated that surgery would not be authorized until Plaintiff's hemorrhoids swelled to the size of an egg. Defendant Wilson suggested that Plaintiff's hemorrhoids would have to swell such that he suffered complete anal blockage before surgery would be authorized. She referred Plaintiff to Defendant Unknown Dietician. Unknown Dietician informed Plaintiff that the fiber in his vegan diet was sufficient to address Plaintiff's hemorrhoids from a dietary perspective.

Plaintiff wants surgery. He contends that Defendants failure to provide surgery and insistence on providing an easier and less efficacious treatment constitutes deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights. Plaintiff asks for tens of thousands of dollars in compensatory and punitive damages and asks the Court to order surgery.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

2

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994). Plaintiff bases his claim on the Eighth Amendment prohibition against cruel and unusual punishment.

### III. Deliberate indifference to a serious medical need

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a

5

prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

For purposes of this preliminary review, the Court accepts Plaintiff's allegations that his hemorrhoids constitute a serious medical need. But, even if Plaintiff's allegations suffice with regard to the objective prong of his claim, they fall short with respect to the subjective prong. Plaintiff claims that Dr. Stallman was deliberately indifferent; but, his allegations reveal that Dr. Stallman was ready to go forward with surgery. Moreover, when surgery was not authorized, Dr. Stallman provided the alternative treatments suggested by Dr. Papendick.

Physician's Assistant Buchanan and Nurse Practitioner Wilson told Plaintiff the extent of progression of his hemorrhoids that might warrant surgery. There is nothing in Plaintiff's complaint to suggest that they were empowered to grant or deny Plaintiff surgery, or even to recommend surgery. They, too, proceeded with conservative treatments as recommended by Dr.

Papendick. Plaintiff's allegations do not indicate that they were deliberately indifferent to Plaintiff's condition.

Unknown Dietician reviewed Plaintiff's diet and came to the seemingly reasonable conclusion that a vegan diet would provide Plaintiff sufficient fiber. Again, the dietician's conduct can hardly be described as indifferent to Plaintiff's condition.

Finally, Dr. Papendick reviewed the request to authorize the surgery. He did not authorize the surgery; however, he did not simply leave Plaintiff to suffer. He recommended a conservative course of treatment. Plaintiff's allegations do not show that Dr. Papendick was aware of a substantial risk of serious harm and then disregarded that risk. To the contrary, he suggested specific treatments which even a layman would recognize as appropriate to treat hemorrhoids. Thus, at best, Plaintiff's allegations suggest negligence, which is insufficient to state an Eighth Amendment claim. *Estelle*, 429 U.S. at 105-06.

Plaintiff parrots the words from the *Mitchell* case. He says that the Defendants' approach to treatment amounts "to no treatment at all." (Compl., ECF No. 1, PageID.5.) That conclusion is not supported by his other allegations.

Plaintiff has failed to state an Eighth Amendment claim because his allegations do not support an inference that Defendants have been deliberately indifferent to his serious medical need.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

7

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith; the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: November 13, 2019                     /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge